**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BENJAMIN CRUZ, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF** |
| DISH NETWORK, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Benjamin Cruz ("Benjamin") is a natural person who resided in Cleveland, Ohio, at all times relevant to this action.

2. Defendant, Dish Network, LLC ("Dish"), is a Colorado limited liability company that maintained its principal place of business in Englewood, Colorado, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.    Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5.    Around April 16, 2015, and before, Dish, and/or Third Party companies acting within the scope of their employment as agents for Dish ("Dish Agents") began calling Benjamin on his cellular phone ending in -7369 using an Automatic Telephone Dialing System ("ATDS").

6.    Dish and/or Dish Agents began calling Benjamin after he canceled Dish service and returned Dish's equipment.

7.    Dish and/or Dish Agents called Benjamin on his cellular phone from various numbers including, but not limited to 844-627-0409.

8.    For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on April 15, 2015.

9.    For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on April 17, 2015.

10.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on April 20, 2015.

11.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on April 22, 2015.

12.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on April 24, 2015.

13.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on April 28, 2015.

14.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on May 1, 2015.

15.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on May 5, 2015.

16.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on May 8, 2015.

17.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on May 11, 2015.

18.   For example, Dish and/or Dish Agents called Benjamin on his cellular phone, from 844-627-0409, on May 12, 2015.

19.   When Benjamin would answer Dish's and/or Dish Agents's calls, he would hear an automated "please hold" before the call was connected to a representative from Dish and/or Dish Agents.

20.   When Benjamin would answer Dish's and/or Dish Agents's calls, he would hear a short pause before being able to speak to a live representative from Dish and/or Dish Agents.

21.   When Benjamin answered Dish's and/or Dish Agents's calls, he would hear a clicking sound before being able to speak to a live representative from Dish and/or Dish Agents.

22.   Shortly after the calls began, Benjamin communicated his desire that Dish and/or Dish Agents cease calling him.

23.   Despite this communication, Dish and/or Dish Agents continued to call Benjamin on his cellular phone using an ATDS.

24. Dish's and/or Dish's Agents's collection efforts, including but not limited to its telephone calls, caused Benjamin emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

25. Dish's and/or Dish's Agents's collection efforts also intruded upon Benjamin's privacy.

26. In addition, each time Dish and/or Dish Agents placed a telephone call to Benjamin, Dish and/or Dish Agents occupied Benjamin's telephone number such that Benjamin was unable to receive other phone calls at that telephone number while Dish and/or Dish Agents were calling him.

27. Dish's and/or Dish Agents's telephone calls also forced Benjamin to lose time by having to tend to Dish's and or Dish Agents's unwanted calls.

## APPLICABLE LAW

28. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

29. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

30. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."  *In the Matter of Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

31.   A telephone dialing system with predictive dialer functionality is an ATDS within the meaning of the TCPA.   *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

32.   Dish and/or Dish Agents used a telephone dialing system with predictive dialer functionality to place calls to Benjamin on his cellular telephone.

33.   The TCPA provides, in part:

> (b)    RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

       common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

34.    The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

35.    Benjamin was the "called party" in each telephone call Dish and/or Dish Agents placed to Benjamin's cellular telephone.

36.    The "called party" may revoke any prior consent to be called on his or her cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

## WILLFUL VIOLATIONS OF THE TCPA

37.    In addition, The TCPA provides, in part:

    If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

38.    The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

39.   In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc*. 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

40.   In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called.  *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

41.   Benjamin re-alleges and incorporates by reference Paragraphs 5 through 40 above as if fully set forth herein.

42.   Dish violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Benjamin on his cellular telephone without Benjamin's prior express consent or after such consent had been revoked.

43.   Dish Agents violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Benjamin on his cellular telephone without Benjamin's prior express consent or after such consent had been revoked.

44. In addition, because Dish and/or Dish Agents (a) voluntarily placed telephone calls to Benjamin's cellular telephone number in violation of the TCPA, and (b) failed to place intermittent live verification calls to ensure that Dish and/or Dish Agents had Benjamin's express consent to be called using an ATDS, Dish and/or Dish Agents's violations were willfully and knowingly made.

45. Dish Agents were acting as the agent of Dish when it placed calls using an ATDS to Benjamin's cellular phone.

46. Dish is vicariously liable for the TCPA violations committed by Dish Agents.  *See Campbell-Eqald Co. v. Gomez,* __ U.S. __, 136 S. Ct. 663, 674, 193 L Ed. 2d 571, 584 (2016).

## JURY DEMAND

47. Benjamin demands a trial by jury.

## PRAYER FOR RELIEF

48. Benjamin prays for the following relief:

   a. An order enjoining Dish from placing further telephone calls to Benjamin's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   b. Judgment against Dish for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Dish and/or Dish Agents, made in violation of the TCPA.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


Date:  June 13, 2017                                    By:  /s/ Jeffrey S. Hyslip
                                                         Jeffrey S. Hyslip, Esq.
                                                         1100 W. Cermak Rd., Suite B410
                                                         Chicago, IL  60608
                                                         Phone: 312-380-6110
                                                         Fax: 312-361-3509
                                                         Email: jeffrey@lifetimedebtsolutions.com
                                                         Ohio Bar No. 0079315
                                                         Attorney for Plaintiff